GARY E. DI GRAZIA
Nevada State Bar Number 198
DAVID M. STANTON, ESQ.
Nevada State Bar Number 4389
GOICOECHEA, DI GRAZIA, COYLE & STANTON, LTD.
530 Idaho Street
Elko, Nevada 89801
Telephone: (775) 738-8091
*Attorneys for State Fire DC Specialties, LLC*

```
___ FILED         ___ RECEIVED
___ ENTERED       ___ SERVED ON
       COUNSEL/PARTIES OF RECORD

       MAR 1 7 2011

       CLERK US DISTRICT COURT
          DISTRICT OF NEVADA
BY: _____ DEPUTY
```

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RICHARD MUSSO,

    Plaintiff,

vs.

EXCELLENCE IN MOTIVATION, INC.,
ROBERT J. MILLER, JOHN E. KERNAN,
III, and BEVERLY F. SHILLITO,

    Defendants.
_____ /

Case No. 3:11-CV-00006-LRH-VPC

[PROPOSED]
AGREED PROTECTIVE ORDER

    The Court hereby approves and enters the following Protective Order (the "Protective Order") to prevent the inappropriate dissemination of documents and information produced in the course of formal or informal discovery, or in response to subpoenas, which may include (without limitation) competitively sensitive and trade secret information, confidential settlements with third parties and information implicating privacy concerns. Good cause appearing, it is hereby ORDERED as follows:

    **1.    Scope of Order.** This Protective Order governs the use and handling of documents, electronic information in any form, testimony, interrogatory responses, responses to subpoenas and other information, including all copies, excerpts and summaries thereof (collectively, the "Material") produced or given by any defendant, plaintiff, or other individual or entity (the "Producing Party") in pre-trial proceedings in the above-captioned Litigation. Material produced in this Litigation,

1  including without limitation Material designated as "Confidential" under the provision of this
2  Protective Order, and information derived therefrom, shall be used only for the purpose of this
3  Litigation and any related appellate proceeding, and not for any business, competitive, personal,
4  private, public, or other purpose whatsoever.

5      2.    **Definitions.** "Confidential Material" as used in this Order shall have the following
6  meanings: (i) Customer information, customer contracts, financial data, marketing and advertising
7  data and plans, quotations or proposals, actual or proposed customer programs, methods of doing
8  business, pricing, strategic or long-range plans, or internal cost data; (ii) non-public personal or
9  financial information; (iii) personal or family photos or personal business not germane to the facts of
10  this cause; (iv) settlement documents from unrelated cases which are considered confidential by the
11  Producing Party; and (v) any other information understood to be confidential pursuant to Rule 26(c)
12  of the Federal Rules of Civil Procedure.

13      3.    **Designation of Confidential Material.** The Producing Party may designate as
14  "Confidential" any Material that it produces in this Litigation which it believes constitutes, contains,
15  reflects or discloses information meeting the definition of "Confidential Material" above. The
16  designations will be made reasonably and in good faith.

17      4.    **Production of Documents and Other Material Containing Confidential Material.**
18  The designation of Confidential Material for the purposes of this Protective Order shall be made in
19  the following manner:

20      (a)    In the case of documents produced in discovery (including electronic
21  documents produced in TIFF or PDF form), by marking each page containing any
22  Confidential Material with the word "Confidential"

23      (b)    In the case of electronically stored information in any form ("Electronic
24  Data"), by designating the Electronic Data as Confidential in a cover letter accompanying the
25  production of the Electronic Data. Where feasible, counsel for the Producing Party will also
26  mark the disk, tape or other electronic media on which the Electronic Data is produced with
27  the appropriate designation. If a Party reduces Confidential Electronic Data to hardcopy
28  form, that party shall mark the hardcopy with the appropriate designation. Whenever any

Confidential Electronic Data is copied, all copies shall be marked with the appropriate designation.

5. **Persons Who May Access Confidential Material.** Except as provided in Paragraph 8, absent written consent from the Producing Party or unless otherwise directed by the Court, Confidential Material may be disclosed only to the following persons:

(a)  Counsel of record for the Parties and their staff;

(b)  The Parties;

(c)  Experts or consultants who are retained on behalf of any of the Parties to assist in the preparation of this case;

(d)  Outside photocopying, graphic production services or litigation support services employed by the Parties or their counsel to assist in this Litigation, and computer service personnel performing duties in relation to a computerized litigation system;

(e)  The Court in this action or any court hearing an appeal from a judgment or order rendered by the Court in this action, and court personnel;

(f)  Court reporters, videographers, and stenographers; and

(g)  Such other persons to whom the Producing Party agrees, in writing, that disclosure is appropriate.

6. **Application of this Protective Order to Persons With Access to Confidential Material.**

(a)  Each person given access to Confidential Material shall be advised that the Confidential Material is being disclosed pursuant to and subject to the terms of this Protective Order and may not be disclosed or used other than as set forth in this Protective Order.

(b)  All persons allowed access to Confidential Material under this Protective Order shall take all necessary steps to insure that access to such Material is restricted to those persons who, by the terms of this Protective Order, are allowed access to the Material. To the extent that a person allowed access to Confidential Material creates, develops, establishes, or otherwise maintains, on any computer, network, disk, tape, or other digital or analog

1   machine-readable device, any information, files, databases or programs that contain
2   Confidential Material, such person shall take all necessary steps to insure that access to any
3   Confidential Material is restricted to those persons who, by the terms of this Protective
4   Order, are allowed access to the Material.
5       7.    **Filing Documents Containing Confidential Material.** In the event a party wishes
6   to use any Confidential Material, or any papers containing or making reference to the contents of
7   such material or information, in any pleading or document filed with the Court in this Litigation,
8   then absent consent by the Producing Party, the filing party (or by agreement, the Producing Party if
9   advance notice is provided) shall file a motion for permission to file the pleading or document under
10  seal explaining the reasons why there is good cause for the sealing of any part of the record in this
11  case. The Producing Party shall also be given a reasonable opportunity to explain the need for the
12  pleading or document to be kept under seal. A motion seeking permission to file a pleading or
13  document under seal shall be filed and noticed for hearing prior to the due date for the particular
14  filing. If permission to file under seal is granted by the Court, such pleading or document and
15  Confidential Material shall be filed under seal, consistent with the rules and practices of the Court in
16  which said materials are to be filed, until such time as the Court orders otherwise, or denies
17  permission to file under seal. If permission to file under seal is granted only with respect to a portion
18  of a pleading or document, the party filing the document must also file a public-record version that
19  includes the entire filing except for the portions that are being filed under seal. If a motion for
20  permission to file under seal is not ruled upon prior to the due date for the particular filing in
21  question, the filing party shall file a public-record version of the document that includes the entire
22  filing except for the portions for which permission to seal has been sought, as well as a sealed
23  version of the document, with the Court. The sealed material, information or papers shall plainly
24  state on the first page of any bound or stapled document "FILED UNDER SEAL PURSUANT TO
25  PROTECTIVE ORDER" and shall be filed only in sealed envelopes on which shall be endorsed the
26  caption of this Litigation, and a statement substantially in the following form:
27      **FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**
    This envelope contains documents that are subject to a Protective
28      Order entered by the Court in this action. This envelope shall neither

1  be opened nor the contents revealed except by Order of the Court.

2  **8. Use of Confidential Material at Trial or Hearing.** The restrictions, if any, governing the use of Confidential Material at trial or hearings will be determined at a later date by the Court, in consultation with the Parties to this agreement.

**9. No Waiver of Privilege.** If information subject to a claim of attorney-client privilege, work product protection, or any other privilege or immunity is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product protection or other ground for withholding production to which any Producing Party would otherwise be entitled. Any inadvertently produced materials shall be returned promptly to the Producing Party upon request and all copies destroyed by all parties who have received them. Any receiving party that has disclosed inadvertently produced materials to a third party shall take reasonable efforts to retrieve the material from such third party.

**10. Removal of Confidential Designation.** Any Party may object to the designation of any Material as "Confidential" by giving written notice to counsel for the Producing Party (or to the Producing Party directly if no counsel has appeared on its behalf) that it objects to the designation. Such notice shall specifically identify the Material at issue and state the reasons for questioning the confidentiality designation. Within ten (10) business days after such notice, the Objecting and Producing Party shall confer in good faith to attempt to resolve any such dispute. If the Parties are unable to resolve the dispute, the Objecting Party may apply to the Court for a ruling that the Material is not appropriately designated, giving notice to the Producing Party. If such a motion is made, the Producing Party will have the burden to establish that the designation is proper. Until the Court rules on the motion, the documents shall be treated as Confidential Material, as originally designated.

**11. Modification of the Protective Order.** This Protective Order shall not prevent a Party from applying to the Court for relief therefrom, or from applying to the Court for further or additional Protective Orders.

**12. Copy of Protective Order Must be Served With Any Subpoena.** When serving any subpoena in this Litigation on a non-party to the Litigation, a copy of this Protective Order shall

be included with the subpoena.

13. **Third Party Requests for Confidential Material.** If any person receiving Material covered by this Protective Order is subpoenaed in another action or proceeding, served with a document demand, or otherwise requested to provide Material covered by this Protective Order, and such subpoena, document demand, or request seeks Material which was produced or designated as Confidential Material by any Producing Party, counsel to the person receiving the subpoena, document demand, or request shall give written notice within two (2) business days of said counsel receiving notice of service of the subpoena to counsel for the Producing Party and shall, to the extent permitted by law, withhold production of the Material until any dispute relating to the production of such Material is resolved, and in any event no Material of a Producing Party shall be produced earlier than five (5) business days after delivering written notice to counsel for the Producing Party of an intent to produce.

14. **Intentional or Inadvertent Unauthorized Disclosure of Confidential Material.** If any person subject to this Protective Order becomes aware that he or any other person has, either intentionally or inadvertently, disclosed Confidential Material to someone not authorized to receive such Material under this Protective Order, counsel of record for the Party involved shall immediately inform the Producing Party's counsel of record about the unauthorized disclosure, and also shall use his or her best efforts to obtain the return of all improperly disseminated copies of the Confidential Material and to prevent any further improper dissemination of the same.

15. **Court Retains Jurisdiction.** This Protective Order shall survive the termination of this Litigation. This Court expressly retains jurisdiction over this action for enforcement of the provisions of this Protective Order following the final resolution of this Litigation.

16. **Return or Destruction of Confidential Material.** Within sixty (60) days of the termination of this action, including the exhaustion of all appeals, all Confidential Material supplied by any Producing Party, including any copies thereof, as well as any summaries, notes, extracts, compilations, drawings, or other documents containing Confidential Material, shall be returned to the Producing Party or shall be destroyed and their destruction certified in writing unless otherwise agreed in writing by the parties. A copy of the written certification shall be provided to the

1  Producing Party.  Notwithstanding the foregoing, counsel for the Producing Party may retain
2  attorney work product, pleadings or other documents filed with the Court that contain Confidential
3  Material.

4      **17.**    **Parties May Use Their Own Confidential Documents.**  Nothing in this Order shall
5  affect a Party's use or disclosure of its own documents in any way.

6      **DATED** this 15th day of March, 2011.

7  **ROBISON BELAUSTEGUI**      **GOICOECHEA, DI GRAZIA,**
   **SHARP & LOW**      **COYLE & STANTON, LTD.**
8  71 Washington Street      P.O. Box 1358
   Reno, Nevada 89503      Elko, NV 89803
9  (775) 329-3151      (775) 738-8091
   *Attorneys for EIM*      *Attorneys for State Fire*

12  By: /s/ Barry L. Breslow      By: /s/ Gary E. Di Grazia
   **BARRY L. BRESLOW**      **GARY E. DI GRAZIA**
   Nevada State Bar No. 3023      Nevada State Bar No. 198
13  **MICHAEL E. SULLIVAN**      **DAVID M. STANTON**
   Nevada State Bar No. 5142      Nevada State Bar No. 4389

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: March 17, 2011

7